Rotmít, J.
 

 The action of the plaintiff would not be barred, if there had been no administrator
 
 lite,
 
 since the defendant held as bailee of the testator at his death, and would stand in the same situation to the executor. The loss of the plaintiffs’ action and title, is supposed, then, to arise from the right of the administrator
 
 pendente lite,
 
 to demand and recover the slaves from the defendant. It may be true, that such an administrator may sue for property which belonged to the deceased, as well as for a debt to him. Yet, it may not follow, that the rights of the executor, after probate, are to be affected by the omission of the administrator to bring a suit of either kind. Ilis powers and responsibilities are very limited. He cannot be sued; nor can he sell any property, save only, from
 
 necessity
 
 — bona
 
 peritura.
 
 If he brings a suit he cannot prosecute it after probate, because all his powers then,
 
 *113
 
 cease by their own limitation; and, until the recent act of 1854, the executor could not make himself a party to it, and carry it on. As was said in
 
 Satterwhite
 
 v. Carson, 3 Ire. Rep. 549, not only do the powers of the temporary administrator cease upon the decision of the controversy touching the-will, but the letters testamentary, or of administration, then, granted, are full letters, purporting to be original, and taking-no notice of the letters to the temporary curator. In that, case, the executor recovered from the sheriff, the value of a-slave, which he had,
 
 pendente
 
 lite, sold under execution against the administrator
 
 pendente
 
 Ute, although the sheriff' had paid to the administrator $200, out of the price of the slave, for the excess of the proceeds of the sale after satisfying the execution. On the same principle, the executor could have recovered in detinue or trover from a purchaser of the-slave from the sheriff, or from the
 
 administratorpendente lite..
 
 That shows that such an administrator is not to administer the estate, and does not acquire a general property in the effects. The connection between him and the executor, if any, is very slight, being only, that the administrator
 
 pendente lite
 
 may collect the debts and effects, and that for those, which come to his hands, he must account to the executor on the probate. Those paying to him the money, or delivering the effects, are, of course, discharged from a second liability to the executor ; since the law affirms those rightful acts of the administrator
 
 pendente lite.
 
 But no authority is found, that by either his tort or his laches, he can impair the rights of the executor, or hurt the estate.
 

 Hence, the Court inclines to the opinion that this action would not be barred, were the subject of it a chattel of any kind. But, with respect to slaves, situated as these were, the plaintiffs’ right is clear. The mother, was put by a father, into the possession of a child, and they remained there up to the father’s death. Then it depended entirely upon the result of the contest about the will, whether the father died testate or intestate, and on that, under the act of 1806, depended the right of property in the slaves, whether it was in the father’s
 
 *114
 
 executor, or in the daughter as an advancement; and until probate, it was
 
 prima facie
 
 in the daughter ; or at all events, not in the administrator
 
 pendente lite.
 
 He could not, therefore, have recovered them, and was not guilty of laches in not suing for them; and it is thus manifest, that the ground fails, on which it was held, that the defendant’s title had become good, or that the action of the plaintiff was barred by the statute of limitations.
 

 Pee, Cubiam, Judgment reversed.